STATE v. RICHARD F. CATES AND OTHERS.

171 N. W. (2d) 600.

October 24, 1969—No. 41385.

*Robins, Davis & Lyons* and *Stanford Robins,* for appellants.
*Neumeier & Kimmel* and *Harold D. Kimmel,* for respondent.

PER CURIAM.

Defendants have been convicted and each fined $100 in the municipal court of Washington County on a complaint alleging that they violated an ordinance of the village of Cottage Grove by refusing to obey a police officer who was attempting to enforce an order which prohibited their obstructing the right of ingress or egress to an industrial plant in the course of a strike. The issues raised are (1) whether there was sufficient identification of the defendants, and (2) whether a village police officer has the power to enforce an order of the district court entered on the stipulation of the parties to a labor dispute. We answer both questions in the affirmative.

In September 1967, the employees of the Minnesota Mining and Manufacturing Company's Hastings plant went on strike. The company sought an injunction which was granted pursuant to a stipulation of the company and union representatives. Pertinent portions are as follows:

"That Defendant, Oil, Chemical and Atomic Workers International Union, Local No. 6-418, its officers, employees, representatives and members, and all other persons acting under, through or in aid of or in concert with them, or any of them, be and hereby are enjoined and restrained:

"1. From obstructing in any manner the right of any person to gain ingress to or egress from Plaintiff's Chemolite Plant, specifically including but not limited to physically blocking any road or driveway leading to said Plant and from interfering in any manner with the free and un-

interrupted use of public roads, streets or highways leading to or adjacent to Plaintiff's Chemolite Plant.

"2. From interfering in any manner with vehicles entering or leaving Plaintiff's Chemolite Plant, including but not limited to the placing of any obstruction or objects of any nature in the public roads or driveway used by said vehicles or by striking vehicles in any manner with picket signs or other objects.

\* \* \* \* \*

"All persons, including pickets, shall at all times remain off the paved surfaces or traveled portion of the public roads or driveway leading to Plaintiff's Chemolite Plant."

On November 7, 1967, Robert Oszman, chief of police of the village of Cottage Grove, was called to the Minnesota Mining plant where he found the entrance completely blocked with pickets. Chief Oszman told them to clear the road, but they refused to do so. Thereupon, he called for reinforcements who arrested seven of the pickets.

1. The ordinance under which defendants were charged provides as follows:

"ORDINANCE No. 60
\* \* \* \* \*

"SECTION 1. Resisting, Delaying or Obstructing Police Officer.

"It shall be unlawful within the Town of Cottage Grove for any person to do any of the following acts:

\* \* \* \* \*

"(c) No person shall resist, delay or obstruct a police officer in discharging or attempting to discharge his duty."

Defendants argue that the prosecution offered no testimony to identify the particular defendants as those who violated the district court injunction. One of the seven arrested was not on trial. Defendants assert that it was incumbent on the state to show that each of the remaining six was implicated. We find no merit in this contention. One of the police officers testified at the trial:

"Q All right. These people arrested are the defendants in this action, is that right?

"A Yes, sir, they are."

Although defendants moved for dismissal on the ground that identification had not been adequately proved, they introduced no evidence on that issue and requested no charge on the matter. We hold that the proof of identification was adequate. Butler v. United States (8 Cir.) 317 F. (2d) 249, 6 A. L. R. (2d) 582.

2. Defendants contend that the district court order can only be enforced as a contempt under Minn. St. 588.20, which provides in part:

"Every person who shall commit a contempt of court, of any one of the following kinds, shall be guilty of a misdemeanor:

\* \* \* \* \*

"(4) Wilful disobedience to the lawful process or other mandate of a court;

"(5) Resistance wilfully offered to its lawful process or other mandate."

They take the position that there should have been a complaint and further proceedings in the district court if the order was violated since this was essentially private litigation between the union and the company.

No authority for defendants' position is cited, and we are aware of none. It is sufficient to say that as chief of police of the village of Cottage Grove Chief Oszman had a duty to enforce any court order which was being openly violated in his presence. Defendants neither challenge the validity of the order nor do they deny that it was being flagrantly violated when these arrests were made. In pleading not guilty they merely deny their own participation and put the state to its proof. We have no difficulty under these circumstances in holding that it was proper to convict defendants under the village ordinance for resisting the police in their attempt to enforce a valid order of the district court.

Affirmed.

Upon petition for rehearing, the opinion in the above matter filed on September 5, 1969, is withdrawn and the above opinion substituted in lieu thereof. The petition is denied.